As the evidence seems to me to compel the conclusion that a tentative, and not an irrevocable, trust was intended, I advise that the judgment be reversed upon the law and the facts, and a new trial granted; costs to abide the final award of costs.

WOODWARD, JENKS, and RICH, JJ., concur. HIRSCHBERG, P. J., dissents.

(107 App. Div. 15.)

## PEOPLE ex rel. BURKE v. WELLS et al.

(Supreme Court, Appellate Division, First Department. July 7, 1905.)

INTERSTATE COMMERCE—TAXATION—CREDITS—PROCEEDS OF IMPORTS.

Credits or bills receivable of a person are taxable as capital invested in the state, within Tax Law, Laws 1896, p. 800, c. 908, § 7, though the credits are the proceeds of sales of imported goods in original packages; the tax not being on imports, and so not contravening Const. U. S. art. 1, § 10.

Ingraham and McLaughlin, JJ., dissenting.

Appeal from Special Term, New York County.

Proceeding by the people, on the relation of Edward and John Burke, against James L. Wells and others. From an adverse order, relators appeal. Affirmed.

The opinion at Special Term is as follows (Leventritt, J.):

The principle and reasoning of People ex rel. Yellow Pine Co. v. Barker, 23 App. Div. 524, 48 N. Y. Supp. 553, affirmed 155 N. Y. 665, 49 N. E. 1103, are authority for the proposition that the credits or bills receivable of the relator are taxable as capital invested in business in this state, within the meaning of section 7 of the tax law (Laws 1896, p. 800, c. 908). I fail to see how these credits become less taxable because they are the proceeds of sales made of imported goods in original packages. This is not a tax on imports, and thus does not contravene article 1, § 10, of the federal Constitution. It is not a tax on the sales as such, or on the right to sell goods in the importer's hands while in their original packages; but when these packages have been sold, and the proceeds have become part of the assets of a person doing business in this state, as in the case of this relator (People ex rel. Philip Carey Co. v. Feitner, 39 Misc. Rep. 282, 79 N. Y. Supp. 485; People ex rel. Durand-Ruel v. Wells, 41 Misc. Rep. 144, 83 N. Y. Supp. 936, affirmed 87 N. Y. Supp. 1144; People ex rel. Armstrong Cork Co. v. Barker, 157 N. Y. 159, 51 N. E. 1043), I think the property must be regarded as having lost its distinctive character as an import, and mixed with the mass of relator's property. See Brown v. Maryland, 12 Wheat. 419, 6 L. Ed. 678.

The writ should be dismissed.

Argued before O'BRIEN, P. J., and HATCH, INGRAHAM, McLAUGHLIN, and PATTERSON, JJ.

Wetmore & Jenner, for appellants.

John J. Delany, Corp. Counsel, for respondents.

PER CURIAM. Order affirmed, with costs, on the opinion of the court below.

INGRAHAM and McLAUGHLIN, JJ., dissent.